IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| LEROY WILSON, III, | : |
| Petitioner, | : |
| VS. | : **1 : 09-CV-177 (WLS)** |
| BRAD HOOKS, WARDEN, | : |
| Respondent. | : |

## RECOMMENDATION

Presently pending in this federal habeas petition is the Respondent's Motion to Dismiss for Lack of Exhaustion (Doc. 12). On November 23, 2009, Petitioner filed his federal habeas petition challenging his June 2007 Dougherty County guilty plea to burglary and theft by taking charges, for which he received concurrent ten (10) year sentences, twenty-nine (29) months to serve. Petitioner also challenges his August 2008 Dougherty County guilty plea to a robbery by sudden snatching charge, for which Petitioner received a sentence of ten (10) years, twenty-four (24) months to serve (Docs. 2, 15-2, 15-4).

Petitioner violated the terms of his release on several occasions, which resulted in various periods of probation revocation (Docs. 15-1 - 15-6). On April 29, 2009, a revocation hearing was held wherein Petitioner was found to have violated probation by committing the offense of theft by taking. Petitioner was sentenced to five (5) years incarceration, which was set to run concurrently with the twenty-four (24) months incarceration sentence he received after his August 2008 guilty plea (Doc. 15-6). Petitioner filed a motion for reconsideration of the revocation on August 17, 2009 (Doc. 15-5).

Petitioner alleges that he is being held past the expiration of his sentence, that he received ineffective assistance of counsel at his probation revocation hearing, and that the revocation sentence was illegal. Petitioner did not appeal the conviction or sentences from the guilty pleas or revocation,

nor did he file a state habeas petition.

Respondent filed this Motion to Dismiss on November 3, 2010 maintaining that Petitioner still has available state court remedies, and his claims for federal habeas relief have thus not been fully exhausted (Doc. 12). The Court Ordered Petitioner to respond to Respondent's Motion to Dismiss on December 7, 2010 (Doc. 13). As of the date of this Recommendation, Petitioner has not responded to Respondent's Motion to Dismiss.

*Exhaustion*

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *Id.* at 845. Petitioner bears the burden of proving that he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *Mack v. Singletary*, 142 F.Supp.2d 1369, 1375 (S.D.Fl. 2001)*; Lambert v. Blackwell*, 134 F.3d 506, 513 (3rd Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984, 987 (3rd Cir. 1993).

In order to satisfy this exhaustion requirement, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim

was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Rather, Petitioner must present the state court with both the facts and the legal theories upon which he relies. *Galtieri v. Wainwright*, 582 F.2d 348, 353 (5th Cir. 1978). State remedies may not be considered exhausted "even though the prior state proceeding technically asserted the same constitutional deficiency and the same facts are urged in a federal court but in support of a different legal theory." *Hart v. Estelle*, 634 F.2d 987, 989 (5th Cir. 1981).

Petitioner declared in his Petition that he did not file any direct appeals regarding the issues he raised in his federal habeas petition, nor did he raise any of the issues through a state habeas petition (Doc. 2). Further, Petitioner has not filed a response to Respondent's Motion to Dismiss, nor has he presented any evidence showing that he has exhausted his state court remedies. As such, Petitioner has not met his burden of proving that he has exhausted the state remedies.

As the Petitioner has failed to pursue available state court remedies regarding the grounds for relief raised in this federal habeas petition, it is the recommendation of the undersigned that the Respondent's Motion to Dismiss be **GRANTED** and that this federal habeas corpus petition be **DISMISSED** without prejudice to Petitioner's right to refile once he has exhausted the remedies available to him in the state court system. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 10th day of May, 2011.

S/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

llf